# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 06-14033-CR-MOORE/LYNCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

**NORMAN ALLAN LAVOIE,**

    Defendant.

_____/

FILED by ___ D.C.
APR 1 8 2017
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

### REPORT AND RECOMMENDATION ON DEFENDANT'S ADMISSIONS TO VIOLATIONS NUMBERS 1 AND 3 AS SET FORTH IN THE PETITION ALLEGING VIOLATIONS OF SUPERVISED RELEASE

**THIS CAUSE** having come on to be heard for a final hearing on April 18, 2017, in respect to the pending Petition Alleging Violations of Supervised Release [D.E. 66] and this Court having convened a hearing, this Court recommends to the District Court as follows:

1. The Defendant appeared before this Court on April 18, 2017 for a final hearing in respect to the Petition Alleging Violations of Supervised Release [D.E. 66] which alleges the following four violations:

| | |
|---|---|
| **Violation Number 1** | **Violation of Special Condition**, by buying, selling, exchanging, possessing, trading, or producing visual depictions of minors or adults engaged in sexually explicit conduct. On or about March 18, 2017, the defendant was found to be in possession of visual depictions of adults engaged in sexually explicit conduct as evidenced by the 18 adult pornographic digital video discs (DVDs) and seven printed pornographic photo-graphs that were seized from the defendant's residence in relation to a search that was conducted on March 18, 2017. |
| **Violation Number 2** | **Violation of Special Condition**, by corresponding or communicating in person, by mail, telephone, or computer with individuals or companies offering to buy, sell, exchange, possess, trade, or produce visual depictions of minors or adults |

|  |  |
|---|---|
|  | engaged in sexually explicit conduct. Since the inception of his supervised release, the defendant admitted to personally buying several adult hard core pornographic movies from a company offering to buy, sell, exchange, possess, trade, or produce visual depictions of minors or adults engaged in sexually explicit conduct. |
| **Violation Number 3** | **Violation of Special Condition**, by failing to refrain from the use, or possession, of any computer; except that the defendant may, with prior approval of the Court, use a computer in connection with authorized employment. On or about March 10, 2017, the defendant used a computer, without approval of the Court, to view pornographic images as evidenced by the seven printed pornographic photographs that were seized from the defendant's residence in relation to a search that was conducted on March 18, 2017. |
| **Violation Number 4** | **Violation of Special Condition**, by failing to refrain from possessing or using a computer that contains an internal, external, or wireless moden without approval of the Court. On or about March 10, 2017, the defendant used a computer, without approval of the Court, to view pornographic images as evidenced by the seven printed pornographic photographs that were seized from the defendant's residence in relation to a search that was conducted on March 18, 2017. |

2. After consultation with his attorney, the Defendant announced to this Court that he wished to admit Violations Numbers 1 and 3 inclusive, as set forth in the Petition [D.E. 66]. The government announced that it agreed to seek to dismiss Violation Numbers 2 and 4 of the Petition at sentencing. This Court questioned the Defendant on the record and made certain that he understood his rights in regards to an evidentiary hearing in respect to the alleged violations. The Defendant acknowledged that he understood his

rights in that regard and further understands that all that will remain will be for the District Court to conduct a sentencing hearing for final disposition in this matter.

3. Counsel for the parties agreed that the Court could take judicial notice of the facts set forth in the Petition Alleging Violations of Supervised Release [D.E. 66] and the Memorandum from USPO Robert Tango to Chief Judge Moore dated March 20, 2017, which sets forth the essential elements of the violations to which the Defendant is admitting. Therefore, this Court will take judicial notice of the facts set forth in the Memorandum and finds that it sets forth a sufficient factual basis to support the Defendant's admissions to Violations Numbers 1 and 3 inclusive, as set forth in the Petition.

4. The possible maximum penalties which the Defendant was facing were read into the record by the government and the Defendant stated that he understood those penalties.

**ACCORDINGLY**, based upon the Defendant's admissions to Violations Numbers 1 and 3 inclusive of the Petition [D.E. 66] under oath, this Court recommends to the District Court that the Defendant be found to have violated his supervised release in respect to Violations Numbers 1 and 3 as set forth in the Petition and that a sentencing hearing be set at the earliest convenience of the District Court for final disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable K. Michael Moore, the United States District Judge assigned to this case. Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right

to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** this _18_ day of April, 2017, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. K. Michael Moore
AUSA Diana M. Acosta
AFPD Fletcher Peacock
U. S. Probation (USPO Robert Tango)
U. S. Marshal