UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-14033-CR-MOORE/MAYNARD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

NORMAN ALLAN LAVOIE,

    Defendant.

_____/

FILED by _____ D.C.

SEP 27 2018

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

### REPORT AND RECOMMENDATION ON FINAL HEARING IN RESPECT TO THE PETITION ALLEGING VIOLATIONS OF SUPERVISED RELEASE

**THIS CAUSE** having come before the Court for a final hearing on September 26, 2018 with respect to the Petition for Warrant or Summons for Offender under Supervision (the "Petition"), and this Court having convened a hearing, recommends to the District Court as follows:

1. Defendant appeared before this Court on September 26, 2018 for a final hearing on the Petition, which alleges the following violations of supervised release:

| | |
|---|---|
| **Violation Number 1** | **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about August 17, 2018, the defendant was found to be in possession of two obscene written or printed stories or articles, contrary to Florida Statute 847.011(2). |
| **Violation Number 2** | **Violation of Special Condition**, by buying, selling, exchanging, possessing, trading, or producing visual depictions of minors or adults engaged in sexually explicit conduct. On or about August 17, 2018, the defendant was found to be in possession of visual depictions of adults engaged in sexually explicit conduct as evidenced by the 23 adult pornographic Digital Video Discs (DVDs), two adult pornographic magazines, and three pornographic DVD |

| | |
|---|---|
| | cases that were seized from the defendant's residence in relation to a search that was conducted on August 17, 2018. |
| **Violation Number 3** | **Violation of Special Condition**, by corresponding or communicating in person, by mail, telephone, or computer with individuals or companies offering to buy, sell, exchange, possess, trade or produce visual depictions of minors or adults engaged in sexually explicit conduct. Between July and August 2018, the defendant admitted to personally buying several adult hard core pornographic movies and magazines from a company offering to buy, sell, exchange, possess, trade or produce visual depictions of minors or adults engaged in sexually explicit conduct. |
| **Violation Number 4** | **Violation of Special Condition**, by failing to refrain from the use, or possession, of any computer; except that the defendant may, with prior approval of the Court, use a computer in connection with authorized employment. On or about August 17, 2018, the defendant was found to be in possession of a computer, without approval of the Court, as evidenced by the Xbox gaming system that was seized from the defendant's residence in relation to a search that was conducted on August 17, 2018. |

2.  The Government indicated that it was proceeding on Violation Numbers 2, 3 and 4, and would dismiss Violation Number 1 at sentencing. The parties indicated that they would rest on the evidence presented to this Court at the detention and probable cause hearing held in this matter on August 31, 2018.

3.  At the August 31, 2018 hearing, the Government proceeded by proffer and United States Probation Officer Robert Tango testified. According to Officer Tango and the Memorandum, U.S. Probation conducted a search of Defendant's residence on August 17, 2018. During the search, 23 adult pornographic DVDs, two adult pornographic magazines, three pornographic DVD cases, one Xbox gaming console, two written or printed pornographic stories or articles, multiple cut out magazine photographs of children and adults, and several handwritten pieces of notebook paper listing pornographic movies and magazines were found

throughout the Defendant's home. The officers also found a magazine order form that was filled out to order more pornographic DVDs. The Government submitted pictures of many of these items under seal as Government's Exhibit 2. According to the testimony, the Xbox had the ability to access the internet, but was an old model Xbox and Defendant did not have internet access assigned to his residence.

4. The Government also offered into evidence a handwritten story found in the Defendant's home during the search. The story was located inside a box in one of the Defendant's spare bedrooms. The Government submitted this story (along with other professionally printed and published stories found in the home) under seal as Government's Exhibit 1. The handwritten story is a first person account of a male having a sexual encounter with what appears to be a young female. While the story does not explicitly say the female is a minor, the physical description and details imply that she is underage. In graphic detail, the story references the male undressing the female, taking pictures of her, making her cry and whimper, penetrating her, perpetrating sado-masochistic acts on her, and laughing at her while she passes out.

5. During an interview, the Defendant admitted that the items found during the search belonged to him. He admitted purchasing pornographic material at local businesses on several occasions since his release from prison. He also admitted that he wrote the handwritten story. He said it was in reference to an adult with whom he'd had a sexual encounter. He also admitted purchasing the Xbox gaming console on August 16, 2018.

6. At the September 26th hearing, Defendant did not present any evidence or testimony, and indicated to this Court – through his counsel – that he wished to stand mute to both the evidence and the charges. Defense counsel reiterated an objection to Violation

Numbers 2 and 3 made at the previous hearing. Defense counsel argued that Violation Numbers 2 and 3 allege that Defendant committed the same prohibited conduct, namely, possession of pornographic material. This Court disagrees. Violation Number 2 charges that Defendant possessed pornography. Violation Number 3 charges that Defendant communicated with others, "in person, by mail, telephone or computer," for the purpose of obtaining pornography. These violations charge separate conduct. This Court therefore recommends that defense counsel's objection be overruled.

7. This Court has considered the evidence and testimony offered at the hearing on August 31, 2018 and finds that it establishes by a preponderance of the evidence that the Defendant committed Violation Numbers 2, 3 and 4 as set forth in the Petition. **ACCORDINGLY**, this Court recommends to the District Court that the Defendant be found to have violated his supervised release with respect to Violation Numbers 2, 3 and 4, and that a sentencing hearing be set at the earliest convenience of the District Court for final disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable K. Michael Moore, the United States District Judge assigned to this case. Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 27th day of September, 2018.

SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE