UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 06-14033-CR-MOORE/MAYNARD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

NORMAN ALLAN LAVOIE,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON
## MOTION TO DETERMINE COMPETENCY OF DEFENDANT

THIS CAUSE comes before the Court for a competency hearing based upon the Motion to Determine Competency of the Defendant [DE 151] in the above referenced case. Having convened a hearing on October 21, 2019, this Court recommends to the District Court as follows:

1. The Defendant, NORMAN ALLAN LAVOIE, appeared before the Court on September 18, 2020 for an Initial Appearance for alleged violations of the conditions of his supervised release. Defendant refused to be transported from the jail for the proceedings and repeatedly threatened to jail staff and to the United States Marshals Service that he would harm himself if they transported him. Ultimately, due to Defendant's threats of self-harm, videoconference-capable technology was brought to Defendant in his cell to facilitate his appearance at the proceedings.

2. This Court appointed the Defendant counsel and permitted Defendant to consult with his counsel through a private videoconference. After conferring with his client, Defendant's counsel requested a competency evaluation of Defendant based on his behavior on September 18, 2020, as well as the counsel's previous experience representing Defendant. The Court directed

defense counsel to file a written motion for the requested competency evaluation by the close of business on September 21, 2020.  The Court also ordered Defendant temporarily detained as a risk of danger to the community.

3. Defense counsel filed a written motion [DE 151] for a court-ordered competency evaluation pursuant to 18 U.S.C. § 4241(a).  The Government did not object.  Upon review of counsel's representations, the undersigned granted the request. [DE 152].  Dr. Nicole Graham, Ph.D, a licensed psychologist, evaluated the Defendant on October 9, 2020. On October 19, 2020, Dr. Graham prepared a report of her evaluation.  Dr. Graham's report indicates that Defendant is competent to proceed.  She concludes that although Defendant has a history of mental health-related concerns, he is presently able to understand the nature of the proceedings against him and to assist in his own defense.

4. The undersigned held a competency hearing on October 21, 2020. [DE 155]. The Defendant, his attorney, and the government's attorney were present in court during the hearing. At the hearing, defense counsel and counsel for the United States stipulated to the contents and conclusions of Dr. Graham's report as it relates to the Defendant's competency to stand trial. Neither party wished to call or cross-examine witnesses or submit any evidence other than Dr. Graham's report.  This Court will not set forth details within this Report and Recommendation concerning Dr. Graham's findings since they are available to review by the District Court in the sealed attachment at DE 156.  However, Dr. Graham's report meets the requirements of 18 U.S.C. § 4247(c) in that it includes Defendant's history and present symptoms, a description of the psychiatric, psychological and medical tests employed during the evaluation and the results, and Dr. Graham's findings and opinions as to diagnosis, prognosis and Defendant's competence to proceed.

5. Having reviewed Dr. Graham's report and with both parties agreeing to the report's content and conclusions, the undersigned finds by a preponderance of the evidence that the Defendant is not presently suffering from a mental disease or defect that renders him mentally incompetent. He is able to understand the nature and consequences of the proceedings against him and to assist properly in his own defense.

**ACCORDINGLY**, this Court recommends to the District Court that the Psychological Competency Evaluation of Defendant from Dr. Graham dated October 19, 2020 be **ACCEPTED**, the findings set forth therein be **ADOPTED** and the Defendant be found competent to proceed with this case.

The parties have agreed to waive the fourteen day period to file objections to this Report and Recommendation. Pursuant to Federal Rules of Criminal Procedure Rule 59(b)(2), failure to file a timely objection to this Report and Recommendation waives the party's right to review, and it bars the party from attacking on appeal any legal rulings or fact findings contained herein.

DONE and SUBMITTED in Chambers at Fort Pierce, Florida, this 26th day of October, 2020.

SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE