UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-CR-14033-MOORE/MAYNARD

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.

**NORMAN ALLAN LAVOIE,**

    Defendant.
_____/

**REPORT AND RECOMMENDATION ON DEFENDANT'S
ADMISSION TO VIOLATION NUMBERS 2 AND 4**

**THIS CAUSE** having come before the Court on the pending Petition for Warrant for Offender under Supervision ("Petition") (DE 144), and this Court having convened a hearing, now recommends to the District Court as follows:

    1.    The Defendant appeared before this Court on October 28, 2020 for a hearing on the Petition. The hearing was convened via videoconference on the Zoom platform. At the hearing's outset, the Court advised the Defendant of his right to have the proceeding in person. The Defendant acknowledged that he understands that right and, after consultation with counsel, agreed to waive that right and consented to have the hearing conducted through videoconference. Having discussed the matter with the Defendant, the Court finds that his waiver of in person appearance and consent to proceed through videoconference is knowing and voluntary. The Court also finds, pursuant to the CARES Act, H.R. 788, and the Court's Administrative Orders In re: Coronavirus Public Emergency, that this hearing cannot be further delayed without serious harm to the interests of justice.

2.	After consultation with his attorney, the Defendant announced to this Court that he wished to admit Violation Numbers 2 and 4 as set forth in the Petition. The Government agreed to dismiss the remaining violations at sentencing.

3.	Defendant admitted the following violations:

**Violation Number 2**	**Violation of Special Condition**, by buying, selling, exchanging, possessing, trading, or producing visual depictions of minors or adults engaged in sexually explicit conduct. On or about September 15, 2020, the defendant was found to be in possession of visual depictions of adults engaged in sexually explicit conduct as evidenced by the nine (9) adult pornographic Digital Video Discs (DVDs) that were seized from the defendant's residence in relation to a search that was conducted on September 15, 2020.

**Violation Number 4**	**Violation of Special Condition**, by corresponding or communicating in person, by mail, telephone, or computer with individuals or companies offering to buy, sell, exchange, possess, trade, or produce visual depictions of minors or adults engaged in sexually explicit conduct. Between May and September 2020, the defendant admitted to personally buying several adult pornographic movies from companies offering to buy, sell, exchange, possess, trade, or produce visual depictions of minors or adults engaged in sexually explicit conduct.

4.	The Court questioned the Defendant on the record and made certain that he understood his right to an evidentiary hearing on Violation Numbers 2 and 4. The Defendant acknowledged that he understood his rights in that regard and further understands that if his admissions are accepted, all that will remain will be for the District Court to conduct a sentencing hearing for final disposition in this matter.

5.	The Government proffered a factual basis for the admissions into the record. According to the proffer, on May 4, 2020, Defendant began his current term of supervised release. He was advised of the terms and conditions of his supervised release – including the condition that

he was not to possess adult pornographic material—on May 5, 2020 by U.S. Probation Officer Robert Tango.  On September 15, 2020, Officer Tango conducted a search of Defendant's residence.  During the search, Officer Tango found, among other things, nine adult pornographic DVDs, several bank statements showing the purchase of material from companies known to sell adult pornography, and bills from AT&T/Direct TV showing the purchase of three separate Pay Per View movies with adult content.  Defendant admitted that these items belonged to him. When confronted with information from the bank statements, Defendant further admitted purchasing adult pornographic DVDs as early as May 19, 2020. After listening to the Government's proffer, the Defendant agreed that it accurately set forth the facts in his case as he understands them to be. He agreed that the Government could prove those facts against him were a hearing to be held in this matter.  This Court finds that the facts proffered by the Government establish a sufficient basis to support Defendant's admissions to Violation Numbers 2 and 4.

6. The possible maximum penalties faced by the Defendant were read into the record by the Government, and the Defendant stated that he understood those penalties.

7. The parties indicated that they will jointly recommend that the District Court impose a sentence within the Sentencing Guidelines range.  Defendant acknowledged his understanding that the District Court is not required to follow the parties' recommendations. Defendant further understands that he will not be able to withdraw his admissions if these recommendations are rejected by the District Court.

**ACCORDINGLY**, based upon the Defendant's admissions under oath, this Court recommends to the District Court that the Defendant be found to have violated the terms and conditions of his supervised release in respect to Violation Numbers 2 and 4 and that a sentencing hearing be set for final disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable K. Michael Moore, the United States District Judge assigned to this case. Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 30th day of October, 2020.

_____
SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE