UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-14033-CR-MOORE/MAYNARD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

NORMAN ALLAN LAVOIE,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON THE
## PETITION FOR WARRANT FOR OFFENDER UNDER SUPERVISION

**THIS CAUSE** came before me for an evidentiary hearing on the Petition for Warrant or Summons for Offender under Supervision (the "Petition") (DE 169). Having considered the evidence, I recommend that Defendant be found to have violated his supervised release with respect to the allegations contained in Violation Numbers 1, 2, 3, 4 and 6. The Government agreed to dismissal of Violation Number 5.

    1.    Defendant appeared for an evidentiary hearing on the Petition on June 7, 2021. The hearing was convened via videoconference on the Zoom platform. At the hearing's outset, I advised the Defendant of his right to have the proceeding in person. The Defendant acknowledged that he understands that right and, after consultation with counsel, agreed to waive that right and consented to have the hearing conducted through videoconference. Having discussed the matter with the Defendant, I found that his waiver of in person appearance and consent to proceed through videoconference was knowing and voluntary. I also found, pursuant to the CARES Act, H.R. 788,

and the Court's Administrative Orders In re: Coronavirus Public Emergency, that the hearing could not be further delayed without serious harm to the interests of justice.

2. The Petition alleges the following violations of supervised release:

**Violation Number 1**  **Violation of Standard Condition**, by failing to answer truthfully all inquiries by the probation officer. On May 7, 2021, the defendant was questioned regarding the contents of an Edward R. Hamilton Book receipt and stated the receipt was related to a book and non-sexually explicit Digital Video Discs (DVDs) that he ordered; when in fact, evidence located during a search and the defendant's subsequent admissions to United States Probation Officer Robert Tango indicate this to be false.

**Violation Number 2**  **Violation of Standard Condition**, by failing to answer truthfully all inquiries by the probation officer. On May 7, 2021, the defendant was questioned regarding the whereabouts of a book titled, ""Obscene, Indecent, Immoral, and Offensive 100+ Years of Censored, Banned, and Controversial Films" and stated that he threw it away; when in fact, evidence located during a search and the defendant's subsequent admissions to United States Probation Officer Robert Tango indicate this to be false.

**Violation Number 3**  **Violation of Standard Condition**, by associating with a person who is a convicted felon without permission of the U.S. Probation Officer. On May 7, 2021, the defendant admitted to knowingly associating with Alvaro A. DeMatos, DOB: 09/09/1949; Department of Corrections No.: Q51044, who is currently an inmate at the Mayo Correctional Institution Annex.

**Violation Number 4**  **Violation of Special Condition**, by buying, selling, exchanging, possessing, trading, or producing visual depictions of minors or adults engaged in sexually explicit conduct. On May 7, 2021, the defendant was found to be in possession of visual depictions of adults engaged in sexually explicit conduct as evidenced by the six (6) sexually explicit DVDs that were seized from the defendant's residence in relation to a search that was conducted on May 7, 2021.

**Violation Number 5**     **Violation of Special Condition**, by buying, selling, exchanging, possessing, trading, or producing visual depictions of minors or adults engaged in sexually explicit conduct. On May 7, 2021, the defendant was found to be in possession of visual depictions of adults engaged in sexually explicit conduct as evidenced by the three (3) sexually explicit DVDs that were seized from the defendant's residence in relation to a search that was conducted on May 7, 2021.

**Violation Number 6**     **Violation of Special Condition**, by corresponding or communicating in person, by mail, telephone, or computer with individuals or companies offering to buy, sell, exchange, posses, trade, or produce visual depictions of minors or adults engaged in sexually explicit conduct. On May 7, 2021, the defendant admitted to personally buying several DVDs, that contained adults engaged in sexually explicit conduct, from companies offering to buy, sell, exchange, possess, trade or produce visual depictions of minors or adults engaged in sexually explicit conduct.

3.      The Government called United States Probation Officer Robert Tango to testify. Officer Tango testified that he advised the Defendant on March 18, 2021 of the terms and conditions of his supervised release. The Defendant indicated that he fully understood the conditions and would abide by them. On May 7, 2021 Officer Tango went to the Defendant's residence to conduct a search. During the search, the following items were located and seized: nine Digital Video Discs (DVDs) depicting adults engaged in sexually explicit conduct; two books that appeared to contain obscene or sexually explicit material; a receipt showing the purchase of material from Edward R. Hamilton Bookseller Company, which is known by the Defendant to sell visual depictions of adults engaged in sexually explicit conduct; a handwritten note listing several sexually explicit movies; and an AT&T/ DirecTV bill indicating that cable service had been renewed as of April 23, 2021. Regarding the handwritten note, Defendant admitted making the list and that some of the items on the list were sexually explicit DVDs he was interested in

purchasing.  The Defendant denied purchasing any of the DVDs.  Defendant was interviewed regarding the Edward R. Hamilton Bookseller Company receipt and was untruthful about whether the titles referenced therein were related to sexually explicit material.  Defendant subsequently admitted that all the items seized belonged to him and that he had not been truthful with Officer Tango about the contents of the receipt.  He admitted ordering the items through the mail and paying for them with a check written on or about March 23, 2021.  A subsequent review of his checkbook registry revealed Check No. 208 was written on March 23 to ERHBC (Edward R. Hamilton Bookseller Company) in the amount of $285.10.  This purchase occurred less than one week after the commencement of Defendant's supervised release.  Also located during the search was a handwritten note containing the name of an inmate at the Mayo Correctional Institution Annex.  A search of Defendant's cell phone showed that inmate's name and contact information was also in Defendant's cell phone.  When Officer Tango asked about this inmate, Defendant admitted sending the inmate a book and communicating with him via the mail.  He also admitted knowing that the person was a convicted felon.  The inmate in question was convicted in 2021 of lewd and lascivious battery, lewd and lascivious molestation (victim 12 to 16 years of age) and lewd and lascivious conduct, and he is currently serving a fifteen-year term of imprisonment.

4. The Government introduced Exhibit Numbers 3 and 7.  Exhibit Number 3 is the Hamilton Booksellers Receipt found during the search.  Exhibit Number 7 is a bank ledger describing a payment to ERHBC on March 23rd for $285.10.

5. Defendant offered no witnesses or evidence.  Defense counsel objected to Violation Number 5 on the basis that it was duplicative of Violation Number 4.  The Government agreed to dismiss Violation Number 5.

6.       I have considered the evidence and find that it establishes by a preponderance of the evidence that the Defendant committed Violation Numbers 1, 2, 3, 4 and 6.

**ACCORDINGLY**, I recommend to the District Court that the Defendant be found to have violated his supervised release with respect to Violation Numbers 1, 2, 3, 4 and 6.  Based on the Government's agreement, I recommend that Violation Number 5 be dismissed. I further recommend that a sentencing hearing be set at the earliest convenience of the District Court for final disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable K. Michael Moore, the United States District Judge assigned to this case.  Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 16th day of June, 2021.

_____
SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE